**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**STONEBRIDGE EQUITY LLC,**
**d/b/a STONEBRIDGE BUSINESS**
**PARTNERS,** a Michigan limited
liability company,

               Plaintiff,                           Case No.  2:09-cv-11541

**vs.**                                        Honorable Denise Page Hood

**CHINA AUTOMOTIVE SYSTEMS, INC.,**     Magistrate Judge R. Steven Whalen
a Delaware corporation,

               Defendant.

_____

Randall J. Gillary (P 29905)           Mark V. Heusel (P 47528)
Kevin P. Albus (P 53668)              DICKINSON WRIGHT PLLC
RANDALL J. GILLARY, P.C.          Attorneys for Defendant
Attorneys for Plaintiff               301 E. Liberty St., Ste. 500
201 W. Big Beaver Rd., Ste. 1020     Ann Arbor, MI  48104
Troy, MI  48084                    (734) 623-1908
(248) 528-0440

_____

**PLAINTIFF'S MOTION FOR ENTRY OF**
**JUDGMENT CONFIRMING ARBITRATION AWARD**

      NOW COMES Plaintiff, Stonebridge Equity, L.L.C., d/b/a Stonebridge Business

Partners, by and through its attorneys, Randall J. Gillary, P.C., who moves this honorable Court

for entry of judgment confirming an arbitration award for the reasons set forth in the attached

brief..

LAW OFFICES OF
RANDALL J. GILLARY, P.C.
COLUMBIA CENTER
201 W. BIG BEAVER ROAD
SUITE 1020
TROY, MI  48084
_____

(248) 528-0440
FAX (248) 528-3412

Respectfully submitted,

s/Kevin P. Albus
Randall J. Gillary, P.C.
201 W. Big Beaver Rd., Ste. 1020
Troy, MI  48084
(248) 528-0440
kalbus@gillarylaw.com
P53668

Dated: July 27, 2011

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**STONEBRIDGE EQUITY LLC,**
**d/b/a STONEBRIDGE BUSINESS**
**PARTNERS,** a Michigan limited
liability company,

|                    |                                        |
|--------------------|----------------------------------------|
| Plaintiff,         | Case No.  2:09-cv-11541                 |
| **vs.**            | Honorable Denise Page Hood             |
| **CHINA AUTOMOTIVE SYSTEMS, INC.,** a Delaware corporation, | Magistrate Judge R. Steven Whalen |
| Defendant.         |                                        |

_____

| | |
|---|---|
| Randall J. Gillary (P 29905) | Mark V. Heusel (P 47528) |
| Kevin P. Albus (P 53668) | DICKINSON WRIGHT PLLC |
| RANDALL J. GILLARY, P.C. | Attorneys for Defendant |
| Attorneys for Plaintiff | 301 E. Liberty St., Ste. 500 |
| 201 W. Big Beaver Rd., Ste. 1020 | Ann Arbor, MI  48104 |
| Troy, MI  48084 | (734) 623-1908 |
| (248) 528-0440 | |

_____

**BRIEF IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR ENTRY OF**
**JUDGMENT CONFIRMING ARBITRATION AWARD**

LAW OFFICES OF
RANDALL J. GILLARY, P.C.
COLUMBIA CENTER
201 W. BIG BEAVER ROAD
SUITE 1020
TROY, MI  48084
_____

(248) 528-0440
FAX (248) 528-3412

**ISSUES PRESENTED**

I.      Should the Court enter a judgment confirming the arbitration award where the arbitration award has become final in accordance with the parties' arbitration agreement, and where the arbitration agreement provides that a judgment confirming the arbitration award may be entered after the arbitration award becomes final?

## CONTROLLING AUTHORITY

**Statutes**

9 U.S.C. § 9

## STATEMENT OF FACTS

On April 24, 2009, Plaintiff filed the original Complaint in this matter seeking damages for unpaid sales commissions from Defendant.  See Docket Entry #1.  On September 28, 2009, a Stipulated Order for Dismissal Without Prejudice was entered by the Court so that the parties could submit their claims to arbitration.  See Exhibit A.  The Order further provided that this Court would retain jurisdiction "for the purpose of confirming, vacating, or correcting any arbitration award in accordance with the Federal Arbitration Act, 9 U.S.C. §§ 1-16."  *Id.*

Prior to entry of the dismissal order, the parties had executed a written Arbitration Agreement.  See Exhibit B.  The Arbitration Agreement set forth rules for selection of an arbitrator, conduct of the hearing, and an arbitration appeal process.  *Id.*  The Arbitration Agreement further provided that if a party failed to comply with the terms of the final arbitration award within 30 days, the opposing party could seek to have the final arbitration award confirmed in a judgment in this Court.  *Id.* at § 5.3.

The parties selected Mr. Gene Esshaki, Esq., as their hearing arbitration, and an arbitration hearing was held on November 30, 2010.  On December 28, 2010, Mr. Esshaki issued Partial Award Number One.  See Exhibit C.  Mr. Esshaki found that Plaintiff was entitled to some of the commissions that it sought, but not all.  Mr. Esshaki also found that Plaintiff was entitled to penalty damages and attorney fees under M.C.L. 600.2961, the Michigan Sales Representatives Commission Act ("SRCA").  Mr. Esshaki did not issue a final award, however, because he required additional information before calculating the amount of sales commissions and penalty damages due.

After the parties submitted additional evidence, Mr. Esshaki issued his Final Award on February 4, 2011.  See Exhibit D.  In the Final Award, Mr. Esshaki ruled that Plaintiff was

entitled to commissions of $0.744 on certain part numbers identified in the award. *Id*. at pp. 2-3.  Mr. Esshaki also ruled that Plaintiff would continue to be entitled to commissions at that rate even if the price paid by the end customer fluctuated. *Id*. at pp. 3-4.  Mr. Esshaki further ruled that the commissions due to Plaintiff through December 31, 2010 amounted to $147,239.09. *Id*. at p. 4.  With regard to the SRCA, Mr. Esshaki held that Plaintiff was entitled to penalty damages of $100,000, and attorney fees of $70,000. *Id*. at pp. 5-6.  Finally, Mr. Esshaki ruled that no costs would be awarded, but that Plaintiff was entitled to interest at the rate of 4% from the date of filing the original Complaint. *Id*. at p. 6.

After receiving Mr. Esshaki's Final Award, Defendant provided timely notice that it would be appealing the award in accordance with the appeal provisions of the Arbitration Agreement.  The parties then selected retired Wayne County Circuit Court Judge Pamela Harwood as the appeal arbitrator.  Defendant submitted its appeal brief, Plaintiff filed its response, and a hearing was held on May 24, 2011.

On June 23, 2011, Judge Harwood issued her Arbitrator's Opinion On Appeal.  See Exhibit E.  In her appeal opinion, Judge Harwood upheld all of Mr. Esshaki's findings except for his finding that the commissions due to Plaintiff would not change in the event of price fluctuations from the end customer.  Thirty days have passed since the issuance of the Arbitrator's Opinion On Appeal, and Defendant has failed to satisfy the arbitration award.  Accordingly, Plaintiff now seeks entry of a judgment confirming the arbitration award.  Plaintiff's proposed judgment is attached hereto as Exhibit F.

## LEGAL ARGUMENT

Confirmation of arbitration awards is governed by 9 U.S.C. § 9, which provides as follows:

> **§ 9. Award of arbitrators; confirmation; jurisdiction; procedure**
>
> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

The relevant portions of the parties' Arbitration Agreement concerning entry of judgment on the arbitration award are contained in § 5.3, which provides as follows:

> 5.3     **Finality of Award:**  Subject to the right to appeal as set forth in this Section, any award by the arbitrator (or the appeal arbitrator, if applicable) shall be final and conclusive upon the parties and a judgment may be entered in the Circuit Court or United States District Court having jurisdiction for the forum. After the entry of an arbitral award, either party shall have thirty (30) days after it receives notice of the award to fully comply with the award; a judgment may not be entered to enforce the award until the parties have had an opportunity to comply with the arbitral award according to this provision.

5.3.1   Legal conclusions and other findings made by the hearing arbitrator as described above may be appealed to the appeal arbitrator, but only if notice of appeal is served by the appealing party on the opposing party within 30 days after the date of the decision of the hearing arbitrator is mailed to the parties.  Service shall be deemed completed upon receipt of the notice of appeal by the opposing party.  The hearing arbitrator's award shall therefore not become final and binding until this period has lapsed without a notice of appeal being served.

5.3.2   If a notice of appeal is filed, then the parties shall appoint an arbitrator in the same manner as described in Section II to serve as the appeal arbitrator.   The appeal arbitrator may not take new evidence, but shall consider briefs and oral argument of counsel, as well as the written record of the hearing (if one exists).  The standard of review shall be the same as if the matter were appealed to a Michigan appellate court.  The appeal arbitrator shall render its decision and ruling in writing within 30 days of the close of oral arguments.  The appeal arbitrator's ruling shall be final and binding and subject to reversal only as allowed by the standards set forth in the Federal Arbitration Act.

See Exhibit B.

At the present time, more than 30 days have passed since the arbitration award became final, and Defendant has not complied with the arbitration award.  Accordingly, Plaintiff moves this honorable Court to enter a judgment confirming the arbitration award in the form attached hereto as Exhibit F.

**CONCLUSION**

For the reasons set forth above, Plaintiff respectfully requests this honorable Court to enter a judgment confirming the arbitration award in the form attached hereto as Exhibit F.

Respectfully submitted,

s/Kevin P. Albus
Randall J. Gillary, P.C.
201 W. Big Beaver Rd., Ste. 1020
Troy, MI  48084
(248) 528-0440
kalbus@gillarylaw.com
P53668

Dated: July 27, 2011

**CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2011, I electronically filed the foregoing paper with the

Clerk of the Court using the ECF system which will send notification of such filing to the

following:

Mark V. Heusel, Esq.
Dickinson Wright PLLC
301 E. Liberty St., Ste. 500
Ann Arbor, MI 48104-2131
(734) 623-1908
mheusel@dickinsonwright.com

s/Kevin P. Albus
Randall J. Gillary, P.C.
201 W. Big Beaver Rd., Ste. 1020
Troy, MI  48084
(248) 528-0440
kalbus@gillarylaw.com
P53668