## ARBITRATION AGREEMENT

This arbitration agreement ("Agreement") is entered into by and between Stonebridge Equity, LLC ("Stonebridge") and China Automotive Systems, Inc. ("China Automotive") September ___21___, 2009.

### RECITALS

1. On May 12, 2008, Stonebridge and China Automotive entered into a business development services contract ("Contract") under which Stonebridge was to provide business development services to China Automotive in exchange for a fee.

2. The Contract contained an arbitration clause requiring the parties to submit any dispute arising under the Contract to arbitration.

3. Although Stonebridge filed suit against China Automotive, alleging breach of the Contract, in the Eastern District of Michigan, the parties are agreeable to arbitrating this matter in accordance with this Agreement.

4. That case, Civil Action Number 09-11541, is currently pending before Judge Denise Page Hood.

NOW, THEREFORE, based on the foregoing Recitals which the parties accept as true and as part of the basis for this Agreement, and in consideration of the representations, warranties, and promises in this Agreement, and reliance thereon, the parties agree that:

### SECTION I
### AGREEMENT TO ARBITRATE

1.1 The parties shall submit to binding private arbitration all claims contained in Civil Action Number 09-11541.

1.2 The parties shall also submit to binding arbitration all claims, whether common-law or statutory, arising under the Contract.

1.3 Any party's failure to bring claims, whether common-law or statutory, arising under the Contract in the arbitration will result in that party waiving the right to bring those claims in any forum.

1.4 The AAA's Commercial Arbitration Rules effective June 1, 2009, unless otherwise modified by this Agreement, will govern the arbitration..

1.5 The parties specifically agree that no filing fees or other fees shall be required to be paid to the American Arbitration Association or to any other organization relative to the arbitration in this matter. The fees for the arbitrator shall be paid by the parties directly to the arbitrator.

234593v1

## SECTION II
## SELECTION OF ARBITRATOR

2.1     The parties will, within fourteen days of executing this Agreement, submit three proposed arbitrators to decide the dispute. Within five days thereafter, the parties will confer and choose one arbitrator from that list.

2.2     If the parties cannot agree to one arbitrator from that list, the parties will have ten days to name five different proposed arbitrators and confer regarding that list.

2.3     If the parties still cannot agree to one arbitrator, then either party may request that Judge Denise Page Hood select the arbitrator.

## SECTION III
## HEARING

3.1     The arbitration hearing shall be held within 150 days after the parties have selected an arbitrator and held their first preliminary hearing conference. The hearing shall be recorded and transcribed by a legal court reporting firm, and the costs shared equally by the parties.

3.2     The parties and arbitrator will mutually agree to a date and place for the hearing.

3.3     If the parties and the arbitrator cannot mutually agree to a date and place for the hearing, the arbitrator shall select the date and place.

3.4     The parties may present witnesses testimony at the hearing either in person, by video conference or by video deposition.

3.5     The Federal Rules of Evidence shall be used as a guide during the hearing but the arbitrator shall not be bound to strictly follow the Federal Rules of Evidence.

## SECTION IV
## CONDUCT OF PROCEEDING

4.1     Discovery shall close in this proceeding 30 days prior to the scheduled hearing date. To the extent that the parties have expert witnesses, their testimony may be taken after this date according to the mutual agreement of the parties.

4.2     The parties shall each be entitled to take up to three discovery depositions during the proceeding.

4.3     The parties shall be permitted to request documents and serve no more than 25 interrogatory questions to the other party, including sub-parts.

4.4     Either party shall have the right to request that the arbitrator allow additional discovery for reasonable cause.

234593v1

## SECTION V
## MISCELLANEOUS

5.1     **Dismissal Without Prejudice of Civil Action:** The parties will cause a stipulated order to be entered in the District Court dismissing the Civil Action without prejudice pending arbitration of the parties' claim. The order shall provide that the Court will retain jurisdiction for the enforcement of this Arbitration Agreement, and the for the confirmation, vacation, or correction of the arbitration award in accordance with this Arbitration Agreement and the Federal Arbitration Act. 9 U.S.C. § 1 et seq. In the event that the arbitration award is satisfied prior to confirmation of the award in a judgment, the parties will cause to be entered a stipulated order for dismissal with prejudice and without costs.

5.2     **Attorneys' Fees and Costs:** The parties agree that each party shall bear its own costs and attorneys' fees, if any, during the course of the arbitration, including the costs and fees of the arbitrator. The Arbitrator shall have the authority to award reasonable attorney fees and costs (including arbitration fees) to either party.

5.3     **Finality of Award:** Subject to the right to appeal as set forth in this Section, any award by the arbitrator (or the appeal arbitrator, if applicable) shall be final and conclusive upon the parties and a judgment may be entered in the Circuit Court or United States District Court having jurisdiction for the forum. After the entry of an arbitral award, either party shall have thirty (30) days after it receives notice of the award to fully comply with the award; a judgment may not be entered to enforce the award until the parties have had an opportunity to comply with the arbitral award according to this provision.

> 5.3.1   Legal conclusions and other findings made by the hearing arbitrator as described above may be appealed to the appeal arbitrator, but only if notice of appeal is served by the appealing party on the opposing party within 30 days after the date of the decision of the hearing arbitrator is mailed to the parties. Service shall be deemed completed upon receipt of the notice of appeal by the opposing party. The hearing arbitrator's award shall therefore not become final and binding until this period has lapsed without a notice of appeal being served.
>
> 5.3.2   If a notice of appeal is filed, then the parties shall appoint an arbitrator in the same manner as described in Section II to serve as the appeal arbitrator. The appeal arbitrator may not take new evidence, but shall consider briefs and oral argument of counsel, as well as the written record of the hearing (if one exists). The standard of review shall be the same as if the matter were appealed to a Michigan appellate court. The appeal arbitrator shall render its decision and ruling in writing within 30 days of the close of oral arguments. The appeal arbitrator's ruling shall be final and binding and subject to reversal only as allowed by the standards set forth in the Federal Arbitration Act.

5.4     **Amendments and Modifications:** This Agreement may be amended or modified only by a writing identified on its face as an amendment to this Agreement signed by the parties.

234593v1

5.5　**Integration:**　This Agreement is the final and complete agreement of the parties with regard to the subject matter described herein. All prior written and oral negotiations, representations, and agreements pertaining to this Agreement are superseded by and merged into this Agreement.

Stonebridge Equity, LLC

By: /s/ Rex Struble

Its: Managing Partner

Dated: 9-23-2009

China Automotive Systems, Inc.

By: /s/

Its: CHAIRMAN

Dated: 9-21-2009

234593v1