STATE OF MICHIGAN
IN PRIVATE ARBITRATION

**STONEBRIDGE EQUITY LLC,**
**d/b/a STONEBRIDGE BUSINESS**
**PARTNERS**, a Michigan limited
liability company,

        Claimant,

vs.

**CHINA AUTOMOTIVE SYSTEMS, INC.,**
a Delaware corporation,

        Respondent.

Gene J. Esshaki
Arbitrator

/

| | |
|---|---|
| Randall J. Gillary (P 29905)<br>Kevin P. Albus (P 53668)<br>RANDALL J. GILLARY, P.C.<br>Attorneys for Claimant<br>201 W. Big Beaver Road, Suite 1020<br>Troy, Michigan 48084<br>(248) 528-0440 | Mark V. Heusel (P 47528)<br>DICKINSON WRIGHT, PLLC<br>Attorneys for Respondent<br>301 East Liberty Street, Suite 500<br>Ann Arbor, Michigan 48104<br>(734) 623-1908 |

/

## FINAL AWARD

On December 28, 2010, the undersigned issued his **PARTIAL AWARD NUMBER ONE** in the above-referenced private arbitration. A copy of that Award is incorporated herein by this reference.

In Partial Award Number One, the undersigned indicated that it would not be possible to calculate the commission amount found due from Respondent, China Automotive Systems, Inc. ("CAS"), to Claimant, Stonebridge Equity LLC, d/b/a Stonebridge Business Partners ("SBP"), for the excess price success fee awarded in Partial Award Number One since there was

insufficient evidence presented to make the calculation. Further, because the penalty claimed under the manufacturers representative statute is based, in part, on the Award, the amount of the commissions due pursuant to the Award had to be established prior to ruling upon the penalty claim. Finally, to the extent legal fees were being claimed pursuant to the manufacturers representative statute or the general terms of the Agreement to Arbitrate, the amount of the Final Award was relevant to the claim for an award of fees.

## CURRENT ISSUES

The following current issues have been identified in communications between the parties and reviewed in a conference call conducted on January 31, 2011 with counsel for the parties:

1. <u>Identification of Parts for Which Price Enhancement Commission is Due</u>. In Partial Award Number One dated December 28, 2010, the undersigned identified that pursuant to Section 2.B. of the Engagement Agreement executed between the parties, SBP was entitled a success fee commission equal to $0.744 on each part sold or to be sold by CAS to Chrysler Corporation ("Chrysler") for the J/K parts contracts. CAS has requested clarification that the commission referenced in Partial Award Number One was limited to purchase orders for the large wheel base and small wheel base steering gears covering right hand gears and left hand gears for each vehicle. CAS has submitted that the proper description of the parts that are subject to the price enhancement commission are as follows:

| Part Description | Original Part Number | Revised Part Number |
|---|---|---|
| LWB-Right Hand Gear | 52060188AE | 52126349AA |
| LWB-Left Hand Gear | 52060172AE | 52126348AA |
| SWB-Right Hand Gear | 52052898AD | 68052898AA |
| SWB-Left Hand Gear | 52059897AD | 68052897AA |

2

CAS has asserted that it currently supplies more than steering gear parts under the J/K contracts with Chrysler and that it was not the intent of the Award to award price enhancement commissions to CAS for parts being shipped to Chrysler that were not specifically referenced in the testimony presented at the hearings. This position is correct.

SBP objects to limiting the description of the parts for which price enhancement commissions are due to either original part numbers or revised part numbers to the extent it can be later argued that if a part number changes, SBP is not entitled to continued commissions.

The Partial Award of the undersigned grants to SBP price enhancement commissions equal to $0.744 on the parts described above having the original part numbers and the revised part numbers set forth above. The Award specifically does not address what will occur with respect to such price enhancement commissions in the event part numbers are again revised or the customer elects to utilize the original parts ordered for other vehicles in its lines. Such issues will have to be addressed in a future arbitration proceeding should they in fact arise. By the same token, the Award is not meant to provide SBP with price enhancement commissions for anything other than the parts described above containing the original part numbers and the revised part numbers currently being acquired by Chrysler from CAS.

2. <u>Price Fluctuation</u>. The Partial Award Number One dated December 28, 2010 provides that SBP shall be entitled to a success fee commission equal to $0.744 on each part sold or to be sold by CAS to Chrysler for the J/K parts contracts. Section 1 immediately above clarifies the extent of this Award. CAS has subsequently advised the undersigned that Chrysler is currently demanding a price reduction equal to 2% for calendar year 2011 production requirements. CAS asserts it is entitled to calculate the success fee price enhancement

3

commission based upon the difference between the target price and the price of the part actually paid by Chrysler.

SBP asserts that the price enhancement success fee commission is either established at the date of issuance of the Final Award or is subject to adjustment, upwards or downwards, only after presentation of evidence concerning why the price was being altered to the customer. To resolve this issue, the undersigned must once again refer to the Engagement Agreement: Business Development Services executed between the parties and dated April 1, 2008.

The price enhancement success fee contained in the parties' Agreement is set forth in Section 2.B. Based upon the language set forth in this section, the undersigned concludes that the price enhancement success fee is fixed at 40% of the amount by which the actual price set forth in the original purchase order exceeds the target price agreed upon between SBP and CAS. The success fee is to remain in effect for the life of products (the gears identified above) supplied to the customer and the undersigned specifically finds it is not subject to fluctuation based upon an increase or decrease in actual selling price that may subsequently occur. Any subsequent price reduction or price increase obtained in the sale price of the products referenced in Section 1 above is not to be passed along to SBP through either an increase or decrease in SBP's commission of $0.744 per part.

3. <u>Commissions Due at December 31, 2010</u>. The parties are in agreement that as of December 31, 2010, CAS sold to Chrysler 197,902 parts for which, under Partial Award Number One, SBP is entitled to receive a commission equal to $0.744 per part. Accordingly, as of December 31, 2010, SBP is entitled to a commission for the price enhancement success fee from CAS for the parts at issue totaling $147,239.09.

4

4.  <u>Penalty</u>. SBP asserts a right to be awarded the penalty required under the Michigan manufacturers representative statute, MCL 600.2961. The penalty established under this statute is equal to two times the commissions due or $100,000, whichever is less.

The undersigned finds that SBP is entitled to relief under the penalty provisions of the Michigan manufacturers representative statute in the amount of $100,000, in addition to the commission awarded above.

5.  <u>Legal Fees</u>. SBP has made demand for an award of legal fees under both the Michigan Sales Representative Commission Act and the terms of the parties' Arbitration Agreement dated September 21, 2009.

The undersigned finds that SBP is not a prevailing party as defined under the terms of the Michigan Sales Representative Commission Act, MCL 600.2961. Accordingly, SBP is not entitled to an award of legal fees and costs under the statute.

The Arbitration Agreement executed between the parties on September 21, 2009 provides in Section 5.2 as follows:

> **5.2** **<u>Attorney's Fees and Costs</u>:** The parties agree that each party shall bear its own costs and attorney's fees, if any, during the course of the arbitration, including costs and fees to the arbitrator. The arbitrator shall have the authority to award reasonable attorney's fees and costs (including arbitration fees) to either party.

Under the provisions of the Arbitration Agreement governing attorney's fees, the undersigned has the authority to award fees in his sole discretion. There can be no doubt that while SBP did not succeed on every claim set forth in its Complaint and, thus, was not a prevailing party under the Michigan Sales Representative Commission Act, SBP was a prevailing party in these proceedings as that term is used in general litigation. Accordingly, the undersigned is exercising the discretion bestowed upon him under the terms of the Arbitration

Agreement to award legal fees. SBP, in addition to the excess commission fee awarded in Section 3, above and the penalty fee awarded in Section 4, above, shall recover from CAS total legal fees in the amount of $70,000.

6. <u>Costs</u>. In the Partial Award, the undersigned ruled that each party shall bear their respective costs incurred in connection with these proceedings. That award is confirmed.

6. <u>Interest</u>. This Award shall carry interest from the date of filing the original Complaint at the simple interest rate of 4% per annum.

### FINAL AWARD

This Award, together with Partial Award Number One dated December 28, 2010, shall constitute the full and Final Award of the undersigned.

Dated: February 4, 2010

Gene J. Esshaki, Arbitrator

### CONFIRMATION

The undersigned, the duly appointed Arbitrator in the above-referenced private arbitration, does hereby confirm that the foregoing, together with Partial Award Number One dated December 28, 2010, constitute his true, lawful, full and Final Award in these proceedings.

Dated: February 4, 2010

Gene J. Esshaki, Arbitrator