UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STONEBRIDGE EQUITY LLC,

    Plaintiff,

v.                                     Case No.  09-11541

CHINA AUTOMOTIVE SYSTEMS, INC.,      HONORABLE DENISE PAGE HOOD

    Defendant.

_____/

**ORDER GRANTING MOTION FOR JUDGMENT
CONFIRMING ARBITRATION AWARD
AND
DENYING MOTION TO VACATE OR APPEAL ARBITRATOR'S AWARD**

**I.**    **BACKGROUND/FACTS**

This matter is before the Court on Plaintiff Stonebridge Equity L.L.C.'s ("Stonebridge") Motion for Judgment Confirming Arbitration Award and Defendant China Automotive Systems, Inc.'s ("China Automotive") Motion to Partially Vacate Appeal Arbitrator's Award and/or Vacate Hearing Arbitrator's Awards.  Response and reply briefs have been filed.

On April 24, 2009, Stonebridge filed a Complaint against China Automotive before this Court for Breach of Contract and Violation of the Michigan Sales Representatives Commission Act. The Complaint was based on an Engagement Agreement entered in May 2008 between the parties. The parties agreed to dismiss the case and to submit their claims to binding arbitration.  The Court retained jurisdiction to enforce the parties' arbitration agreement, and to confirm, vacate, or correct any arbitration award in accordance with the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16. (9/28/2009 Order, Doc. No. 16)

The parties selected Gene Esshaki ("Arbitrator") as their arbitrator who issued his Final Award on February 4, 2011 who issued an award in favor of Stonebridge. (Stonebridge's Br., Ex. D) China Automotive appealed the award to the appeal arbitrator selected by the parties, retired Wayne County Circuit Court Judge Pamela R. Harwood ("Appeal Arbitrator"). On June 23, 2011, the Appeal Arbitrator issued an Opinion on Appeal. (Stonebridge's Br., Ex. E) The Appeal Arbitrator upheld the Arbitrator's findings except for his finding that the commissions due to Stonebridge would not change in the event of price fluctuations from the end customer.

On July 27, 2011, Stonebridge filed a Motion for Judgment Confirming Arbitration Award. On August 18, 2011, China Automotive filed a Motion to Partially Vacate Appeal Arbitrator's Award and/or Vacate Hearing Arbitrator's Awards.

**II.    ANALYSIS**

   **A.    Standard of Review under the FAA**

The FAA presumes that arbitration awards will be confirmed. *Dawahare v. Spencer*, 210 F.2d 666, 669 (6th Cir. 2000). "It is well established that courts should play only a limited role in reviewing the decisions of arbitrators." *Id.* The power of the court to review an arbitration award is "one of the narrowest standards of judicial review in all of American jurisprudence." *Way Bakery v. Truck Drivers Local No. 164,* 363 F.3d 590, 593 (6th Cir. 2004)(citing *Tennessee Valley Authority v. Tennessee Valley Trades and Labor Council,* 184 F.3d 510, 515 (6th Cir. 199)). In deciding whether to confirm or vacate an arbitration award, a federal court must ask:

> Did the arbitration act "outside his authority" by resolving a dispute not committed to arbitration? Did the arbitrator commit fraud, have a conflict of interest or otherwise act dishonestly in issuing the award? And in resolving any legal or factual disputes in the case, was the arbitrator, "arguably construing or applying the contract"? So long as the arbitrator does not offend any of these requirements,

2

> the request for judicial intervention should be resisted even through the arbitrator made "serious," "improvident" or "silly" errors in resolving the merits of the dispute.

*Michigan Family Resources, Inc. v. SEIU Local 517M,* 475 F.3d 746, 753 (6th Cir. 2007)(*en banc*). If a party has defenses to an arbitration award, that party should raise those defenses within the period prescribed for actions to vacate an award rather than wait to raise them as defenses in a confirmation hearing. *Professional Administrators Limited v. Kopper-Glo Fuel, Inc.*, 819 F.2d 639, 642 (6th Cir. 1987). "Arbitration is meant to be a quick and final resolution by which parties are bound." *Id.* "[A]n action to confirm the award should be a summary proceeding, not a proceeding in which the defendant seeks affirmative relief." *Id.* The FAA provides that notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered. 9 U.S.C. § 12m. Failure to comply with this requirement "forfeits the right to judicial review of the award." *Corey v. New York Stock Exchange*, 692 F 2d 1205, 1212 (6th Cir. 1982).

Section 10(a)(4) of the FAA provides that a district court may vacate an order "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). The burden of proving that the arbitrators exceeded their authority is very great and courts must accord an arbitrator's decision substantial deference because it is the arbitrator's construction of the agreement, not the court's construction, to which the parties have agreed. *Solvay Pharmaceuticals, Inc. v. Duramed Pharmaceuticals, Inc.,* 442 F.3d 471, 476 (6th Cir. 2006). Courts must refrain from reversing an arbitrator simply because the court disagrees with the result or believes the arbitrator made a serious legal or factual error. *Id.* If the arbitrator's award draws its essence from the

agreement, and is not merely the arbitrator's own brand of industrial justice, the award is legitimate. *Id.; Michigan Family Resources,* 475 F.3d at 752. Once it is established that the arbitrator was construing or applying the contract and acting within the scope of his authority, it makes no difference whether the arbitrator committed "serious," improvident" or even "silly" errors in resolving the merits of the dispute. *Id.* In order to determine whether the arbitrator was engaging in interpretation of the contract, the question is whether the arbitrator was "arguably construing" the agreement and if the decision on the merits was so "untethered" from the agreement that it raises doubt as to whether the arbitrator was engaged in an interpretation of the agreement. *Id.* at 754.

**B.     Arbitrators' Interpretation**

Although filed second, the Court addresses China Automotive's Motion to Partially Vacate the Arbitration Award first since such a ruling is dispositive of Stonebridge's Motion to Confirm the Arbitration Award.

China Automotive argues that the arbitrators exceeded their powers and their decisions as to their findings that Stonebridge is allowed to recover success fees for a pre-existing CAS Customer. China Automotive submits two basis for its argument:  1) the arbitrators improperly considered extrinsic evidence in determining whether the agreement between the parties was ambiguous; and 2) they disregarded the plain language of the agreement which limited success fees to "new" customers.

In response, Stonebridge claims that the arbitrators properly applied Michigan law once they found that the agreement between the parties was ambiguous and in considering extrinsic evidence. Stonebridge asserts that once the arbitrators construed the agreement as ambiguous, they properly reviewed prior drafts of the agreement in their findings that the agreement did not limit fees to sales

4

involving new customers only.

After review of both Arbitrators' opinions and awards, it is clear that they engaged in an interpretation of the agreement, as opposed to the implementation of their own brand of industrial justice. *Michigan Family Resources,* 475 F.3d at 754. The Arbitrator's Initial Award finds "as a matter of law, that the contract is ambiguous." (12/28/2010 Initial Award, p. 9) He sets forth several reasons why the contract is ambiguous. The Arbitrator then states that based on his findings, "any reference to new customer sales has been removed from the success fee section of the contract" and that the other subsections do not have any relationship to subsection A. (12/28/2010 Initial Award, p. 10)

The Appeal Arbitrator also engaged in interpretation of the contract, noting that the contract was ambiguous and allowing extrinsic evidence to be offered. (6/23/2011 Appeal Arbitrator Opinion, pp. 7-11) The Appeal Arbitrator found that the Arbitrator did not err in his findings. (*Id.*)

Applying the very narrow review of the Arbitrators' interpretations of the contract at issue, this Court finds that the Arbitrators' interpretations construed the agreement between the parties. There is no doubt that the Arbitrators engaged in the interpretation of the agreement. China Automotive's Motion to Vacate the Arbitration Awards must be denied since it has not shown that the Arbitrators exceeded their authority.

### C. Confirmation of the Award

Stonebridge moves to confirm the Arbitration Awards under 9 U.S.C. § 9, which provides that upon agreement by the parties, any party may apply to the court to confirm the award. China Automotive cites no other sections in its opposition to the Motion for Judgment Confirming the Award to prevent entry of the Judgment confirming the award. China Automotive essentially argues

5

that the proposed Judgment submitted by Stonebridge is inconsistent with the Initial Award, Final Award and Appellate Opinion.  China Automotive argues that the Judgment need only state that the Awards are confirmed and that any additional terms are surplusage.  Stonebridge replies that its Judgment  follows the Arbitration Awards and that it is entitled to entry of the Judgment.

A review of the proposed Judgment shows that it is based on the Awards issued by the Arbitrators, other than the last paragraph providing documentation to parts which China Automotive claims have been decreased by Chrysler.  Stonebridge argues that if China Automotive did not produce such documentation to support the amount or price decrease by Chrysler, no such documentation is in evidence to support China Automotive's allegation that the price has decreased.  Stonebridge claims that if China Automotive does not provide such documentation, they will be back in Court litigating the issue, each time China Automotive claims the price has decreased.

The Court finds that Stonebridge has properly submitted the request to enter a Judgment based on the Arbitration Awards.  The Revised Proposed Judgment submitted by Stonebridge is sufficient.  The language regarding documentation to support China Automotive's claim that the price has decreased is necessary so that the parties are able to determine a more accurate amount.

### III.    CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Plaintiff's Motion for Judgment Confirming Arbitration Award (**Doc. No. 17**) is GRANTED.  Plaintiff may submit the Proposed Judgment, including all the exhibits incorporated in the Judgment, through the Court's electronic filing system (CM/ECF), under the proposed order procedure.

IT IS FURTHER ORDERED that Defendant's Motion to Vacate Appeal Arbitrator's Award **(Doc. No. 22)** is DENIED.

        s/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated: March 16, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 16, 2012, by electronic and/or ordinary mail.

        s/LaShawn R. Saulsberry
        Case Manager